# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF KENTUCKY
# LOUISVILLE DIVISION

| | |
|---|---|
| TDC SPECIALTY INSURANCE COMPANY <br> 185 Greenwood Road <br> Napa, CA 94558 <br><br> Plaintiff, <br><br> v. <br><br> MASONIC HOMES OF KENTUCKY, INC. <br> 3761 Johnson Hall Drive <br> Masonic Home, KY 40041 <br><br> Defendant. | CIVIL ACTION NO. 3:19-CV-619-CHB |

## COMPLAINT

Plaintiff TDC Specialty Insurance Company ("TDCSI"), for its complaint against Defendant Masonic Homes of Kentucky, Inc. ("Masonic Homes"), alleges on information and belief as follows:

## NATURE OF ACTION

1. TDCSI files this action to obtain a judicial determination and declaration as to the parties' rights and obligations under Long Term Care Organizations Professional Liability, General Liability And Employee Benefit Liability Policy No. LTP-00097-17-00 issued by TDCSI to Masonic Homes for the policy period March 1, 2017 to March 1, 2018 (the "Policy") and a money judgment. A copy of the Policy is attached to this Complaint as Exhibit A.

2. An actual and justiciable controversy has arisen and now exists relating to the parties' respective rights, duties and obligations under the Policy.

3. In particular, TDCSI seeks a declaratory judgment that there is neither coverage for nor a duty to defend Masonic Homes for the pending claim for which Masonic Homes seeks coverage and that TDCSI is entitled to recoup defense costs that it has paid or will pay for the defense of Masonic Homes in connection for a disputed claim. TDCSI also seeks a money judgment for the amount of the defense costs.

## PARTIES

4. TDCSI is a corporation organized and existing under the laws of the District of Columbia with its principal place of business located in California. TDCSI legally transacts insurance business in the Commonwealth of Kentucky and within the geographical jurisdiction of this Court.

5. Defendant Masonic Homes is a company organized and existing under the laws of the Commonwealth of Kentucky, with its principal place of business in Kentucky. Masonic Homes legally transacts business in the Commonwealth of Kentucky and within the geographical jurisdiction of this Court.

## JURISDICTION AND VENUE

6. This is an action for declaratory judgment pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, and the Federal Rules of Civil Procedure 57, for the purposes of determining a question of actual controversy between the parties as hereinafter more fully appears.

7. This action is ripe for adjudication.

8. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332. There is complete diversity of citizenship between the parties, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

9. Venue is proper in this Court pursuant to 28 U.S.C. § 1391. A substantial part of the events giving rise to the claims at issue occurred in this District, the Policy was issued in this District, and the named insured resides in this District.

## FACTUAL ALLEGATIONS

**The Deneen Claim**

10. On February 2, 2017, a lawyer representing Ruba Geraldine Deneen wrote a letter to Masonic Homes (the "Deneen Lawyer Letter"). The Deneen Lawyer Letter stated: "I have been retained to investigate allegations of substandard care Ruba Geraldine Deneen received while a resident in your facility. Please forward this letter of representation on to your liability insurance carrier and/or general counsel and have them contact me within thirty days to confirm receipt. Thank you for your time and I look forward to hearing from you soon." A copy of the Deneen Lawyer Letter is attached to this Complaint as Exhibit B.

11. On March 8, 2017, Masonic Homes provided notice of a claim on behalf of Ruba Deneen (the "Deneen Claim") to One Beacon Healthcare Group, pursuant to policy number LTC- 000113-0316, for the policy period March 1, 2016 to March 1, 2017 (the "OneBeacon Policy"). A copy of the OneBeacon Policy without the application is attached to this Complaint as Exhibit C. A copy of Masonic Homes's notice to OneBeacon of the Deneen Claim is attached to this Complaint as Exhibit D.

12. Renee Hunt, Executrix of the Estate of Ruba Geraldine Deneen filed a proposed complaint with the State of Kentucky, Medical Review Panel, on September 6, 2017. The proposed complaint alleges, among other things,

> Due to the wrongful conduct of [Masonic Homes], Ruba Geraldine Deneen suffered accelerated deterioration of her health and physical condition beyond that caused by the normal aging process, as well as the following injuries:
>
> a) Injurious falls;

b) Dehydration;

c) Malnutrition; and

d) Death.

13. The proposed complaint includes causes of action for negligence, corporate negligence, violation of long-term care resident's rights, wrongful death, and damages.

14. On October 2, 2017, Masonic Homes first gave TDCSI notice of the claim on behalf of Ruba Geraldine Deneen.

15. On November 7, 2017, Renee Hunt, Executrix of the Estate of Ruba Geraldine Deneen filed a complaint in Jefferson Circuit Court in the Commonwealth of Kentucky, which was identical to the proposed complaint filed with the Medical Review Panel.

**The Application**

16. Masonic Homes submitted an application for the Policy, which was executed by Masonic Homes's Chief Financial Officer on March 6, 2017 (the "Application"). The Application asks:

> 26. ls the Applicant or any entity or individual proposed for coverage under this Insurance aware of any fact, circumstance, situation, transaction, event, act, error or omission which they have reason to believe may or could reasonably be foreseen to give rise to a claim that may fall within the scope of the proposed Insurance?
>
> If "Yes,• please provide details:

Application, Question 26. In response, the box for "no" is checked. A copy of the pertinent portion of the Application and the Application's executed signature page are attached hereto as Exhibit E.

17. The Application also states:

4

> NOTE: WITHOUT PREJUDICE TO ANY OTHER RIGHTS OR REMEDIES OF THE UNDERWRITER, IT IS AGREED THAT ANY CLAIM ARISING FROM ANY FACT, CIRCUMSTANCE, SITUATION, TRANSACTION, EVENT, ACT, ERROR OR OMISSION REQUIRED TO BE DISCLOSED IN RESPONSE TO QUESTION 26 IS EXCLUDED FROM THE PROPOSED INSURANCE.

(the "Warranty Exclusion").

**The Policy**

18. The Policy has a limit of liability of $1 million per Claim for Professional Liability and $3,000,000 aggregate, subject to a $100,000 per Claim deductible.

19. The Policy's Insuring Agreements include the following:

(A) **Claims Made Professional Liability Insurance:**

1. **We** will pay up to the applicable Limit of Liability set forth in ITEM 4.A. of the Declarations on behalf of the **insured** any **damages** that the **insured** is legally obligated to pay as a result of any covered **claim** for a **professional services wrongful act** happening on or after the **retroactive date**; provided, that the **claim** is first made against the **insured** during the **policy period** or applicable Extended Reporting Period and reported to **us** in accordance with GENERAL CONDITION (C) of this Policy.

Policy, Section I.A.(1).

20. The Policy contains the following exclusion:

Except as otherwise expressly provided in this Policy, this Policy does not apply to, and **we** will not pay **damages** or **defense costs** for any **claim** based upon, arising out of, directly or indirectly resulting from, in consequence of, or in any way involving any actual or alleged:

(1) act, error, omission, **occurrence** or **wrongful act** if any **insured**, on or before the Inception Date set forth in ITEM 2(a) of the Declarations, knew or reasonably could have foreseen that such act, error, omission, **occurrence** or **wrongful act** might result in a **claim**.

Policy, Section III.D.(1) (the "Prior Knowledge Exclusion").

21. The Policy also contains the following exclusion:

> Except as otherwise expressly provided in this Policy, this Policy does not apply to, and **we** will not pay **damages** or **defense costs** for any **claim** based upon, arising out of, directly or indirectly resulting from, in consequence of, or in any way involving any actual or alleged:
>
> …
>
> > (2) act, error, omission, **occurrence**, **wrongful act**, event, suit or demand which was the subject of any notice given under:
> >
> > > (a) any medical professional liability or similar policy of insurance or plan or program of self-insurance, with respect to any **claim** otherwise covered under INSURING AGREEMENT (A);
> > >
> > > (b) any general liability or similar policy of insurance or plan or program of self-insurance, with respect to any **claim** otherwise covered under INSURING AGREEMENT (B); or
> > >
> > > (c) any employee benefit liability or similar policy of insurance or plan or program of self-insurance, with respect to any **claim** otherwise covered under INSURING AGREEMENT (C);
>
> in effect prior to the Inception Date set forth in ITEM 2(a) of the Declarations;

Policy, Section III.D.(2) (the "Prior Notice Exclusion").

22. Masonic Homes has requested coverage under the Policy for the Deneen Claim.

## COUNT I

### Declaratory Judgment That The Application's Warranty Exclusion Bars Coverage

23. TDCSI repeats and incorporates by reference the allegations in paragraphs 1 through 22 of this Complaint.

24. Before submitting the Application to TDCSI, and before the March 1, 2017 TDCSI Policy inception date, Masonic Homes was aware of the Deneen Lawyer Letter. Indeed, only two days after executing the Application for the TDCSI Policy, Masonic Homes put its prior insurer on notice of the Deneen Lawyer Letter.

25. Masonic Homes was obligated to disclose the Deneen Lawyer Letter in response to Question 26 of the Application because the Deneen Lawyer Letter made it aware of "any fact,

circumstance, situation, transaction, event, act, error or omission which they have reason to believe may or could reasonably be foreseen to give rise to a claim that may fall within the scope of the proposed Insurance." The "no" response to Question 26 was therefore false.

26. In reliance on the representations that it received during the underwriting process, including the responses by Masonic Homes in the Application, including the "no" response to Question 26, TDCSI issued the Policy.

27. The Deneen Claim arises from knowledge or information that was not disclosed in response to Question 26 on the Application.

28. By reason of the foregoing, TDCSI is entitled to a judgment declaring that the Warranty Exclusion bars coverage for the Deneen Claim.

## COUNT II

### Declaratory Judgment That The Prior Knowledge Exclusion Bars Coverage

29. TDCSI repeats and incorporates by reference the allegations in paragraphs 1 through 22 of this Complaint.

30. By seeking coverage for the Deneen Claim, Masonic Homes seeks coverage for "damages or defense costs for any claim based upon, arising out of, directly or indirectly resulting from, in consequence of, or in any way involving any actual or alleged [ ] act, error, omission, occurrence or wrongful act" that, on or before the Policy's March 1, 2017 Inception Date, Masonic Homes knew or reasonably could have foreseen might result in a claim.

31. By reason of the foregoing, TDCSI is entitled to a judgment declaring that the Prior Knowledge Exclusion bars coverage for the Deneen Claim.

## COUNT III

### Declaratory Judgment That The Prior Notice Exclusion Bars Coverage

32. TDCSI repeats and incorporates by reference the allegations in paragraphs 1 through 22 of this Complaint.

33. Masonic Homes gave notice of the Deneen Claim to OneBeacon on March 8, 2017, almost eight months before Masonic Homes gave notice of the Deneen Claim to TDCSI.

34. Homeland Insurance Company of New York, part of the "OneBeacon Healthcare Group," issued the medical professional liability policy or similar policy or general liability policy in effect prior to the TDCSI Policy.

35. The TDCSI Policy's Prior Notice Exclusion bars coverage for any "act, error, omission, occurrence, wrongful act, event, suit or demand which was the subject of any notice given under" any medical professional liability policy or similar policy or general liability policy in effect prior to the March 1, 2017 Inception Date of the TDCSI Policy.

36. By reason of the foregoing, TDCSI is entitled to a judgment declaring that the Prior Notice Exclusion bars coverage for the Deneen Claim.

## COUNT IV

### Declaratory Judgment That TDCSI Is Entitled To Reimbursement Of Defense Costs And For A Money Judgment

37. TDCSI repeats and incorporates by reference the allegations in paragraphs 1 through 22 of this Complaint.

38. Subject to a complete reservation of rights, including the right to withdraw the defense and seek reimbursement of defense costs, TDCSI is providing a defense to Masonic Homes for the Deneen Claim.

39. Because the Policy does not afford coverage for the Deneen Claim, TDCSI is entitled to reimbursement of all defense costs it has paid or pays hereafter under the Policy in connection with the Deneen Claim.

40. Accordingly, TDCSI requests a declaration that Masonic Homes is obligated to reimburse TDCSI for all defense costs it has paid or will pay in connection with the Deneen Claim, and a money judgment against Masonic Homes in that amount.

WHEREFORE, TDCSI respectfully requests that this Court:

A. Declare that the Warranty Exclusion bars coverage for the Deneen Claim;

B. Declare that the Prior Knowledge Exclusion bars coverage for the Deneen Claim;

C. Declare that the Prior Notice Exclusion bars coverage for the Deneen Claim;

D. Declare that Masonic Homes is obligated to reimburse TDCSI for all defense costs it has paid or will pay in connection with the Deneen Claim;

E. Award TDCSI a money judgment against Masonic Homes for the amount of all defense costs it has paid or will pay in connection with the Deneen Claim; and

F. Award TDCSI all other relief to which it may be entitled.

August 29, 2019

*Of Counsel:*
Mary E. Borja
Wiley Rein LLP
1776 K Street NW
Washington, DC 20006
(202) 719-7000 (tel.)
(202) 719-7049 (fax)
mborja@wileyrein.com

Respectfully submitted,

/s/ Beth H. McMasters
Beth H. McMasters
McMasters Keith Butler, Inc.
730 West Main Street
Suite 500
Louisville, KY 40202
(502) 813-36-3 (tel.)
(502) 813-3640 (fax)
bmcmasters@mcmasterskeith.com

*Counsel for Plaintiff TDC Specialty Insurance Company*