UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | | |
|---|---|---|
| TDC SPECIALTY INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) ) | Civil Action No. 3:19-CV-619-CHB |
| v. | ) ) ) | **ORDER GRANTING MOTION TO DISMISS** |
| MASONIC HOMES OF KENTUCKY, INC., | ) ) ) | |
| Defendant. | | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on Defendant Masonic Homes of Kentucky, Inc.'s ("Masonic Homes") Motion to Dismiss [R. 8]. Plaintiff TDC Specialty Insurance Co. ("TDC") responded in opposition [R. 10], and Defendant replied [R. 11]. For the reasons discussed below, the Court will grant Defendant's Motion to Dismiss.

**I.      Background**

On November 7, 2017, the estate of Ruba Deneen (a former resident at Masonic Homes' facility) filed suit in Jefferson Circuit Court alleging that Masonic Homes was negligent and caused Ms. Deneen's wrongful death. [R. 1 ¶ 15]  Masonic Homes gave notice to TDC (its insurer) of Ms. Deneen's potential claim one month earlier on October 2, 2017. [*Id.* at ¶ 14] TDC alleges, however, that Masonic Homes was aware of Ms. Deneen's claim as early as February 2, 2017 [*id.* at ¶ 10] but did not disclose this fact on its March 6, 2017 application for insurance coverage with TDC. [*Id.* at ¶ 16]

On August 29, 2019, TDC brought this action against Masonic Homes. [R. 1]  TDC seeks a declaratory judgment that Masonic Homes' failure to disclose Ms. Deneen's claim (as well as Masonic Homes' prior knowledge and notice of the claim) bars coverage under the policy

between TDC and Masonic Homes. [*Id.* at ¶¶ 23–36]  TDC also claims that it is entitled to a money judgment for all defense costs it may have to pay in defending Masonic Homes in the state court action. [*Id.* at ¶ 40]  Masonic Homes clarifies that it rejected TDC's proposal for a defense under a reservation of rights, eliminating the possibility that TDC will incur defense costs or expenses in the state court action. [R. 11-2 pp. 4, 7]  Masonic Homes originally moved to dismiss this action without prejudice so that a similar complaint could be filed in state court, where the underlying tort action remains pending. [R. 8]  Concurrent with filing its Motion to Dismiss, Masonic Homes also sought leave to file a third-party complaint in Jefferson Circuit Court against TDC in the ongoing state court litigation. [R. 8-1 pp. 6–7; R. 8-6 p. 3]  On November 12, 2019, the state court granted leave, allowing Masonic Homes' third-party complaint against TDC to proceed. [R. 11 p. 4; R. 11-3]  The third-party complaint seeks to recover damages against TDC for breach of contract, breach of common law duties (including fiduciary obligations) to Masonic Homes, and for TDC's "bad faith actions, outrageous conduct, evil motives and reckless indifference" to Masonic Homes' rights. [R. 8-1 p. 7; R. 8-6 pp. 5–10]

**II.     Discussion**

    **A.     *Colorado River* Abstention**

TDC first argues that this is not merely an action for a declaratory judgment because TDC also seeks a money judgment for defense costs.[1]  TDC argues that this case must be considered under the *Colorado River* abstention doctrine, which holds that district courts have a "virtually unflagging obligation . . . to exercise the jurisdiction given them" unless there is "parallel" litigation pending in state court and the proposed litigation in federal court would be

---

[1] Specifically, TDC requests "a declaration that Masonic Homes is obligated to reimburse TDCSI for all defense costs it has paid or will pay in connection with the Deneen Claim, **and a money judgment against Masonic Homes in that amount**." [R. 1 p. 9 (emphasis added)]

duplicative or unwise. *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976).  Although the Sixth Circuit has not decided whether the Court should analyze such a complaint under *Colorado River* or the more discretionary *Grand Trunk* factors,[2] it has stated that:

> When a plaintiff seeks relief *in addition to a declaratory judgment, such as damages* or injunctive relief, both of which a court *must address*, then the entire benefit derived from exercising discretion not to grant declaratory relief is frustrated, and a stay or dismissal would not save any judicial resources.

*Adrian Energy Assocs. v. Michigan Pub. Serv. Comm'n*, 481 F.3d 414, 422 (6th Cir. 2007) (first emphasis added) (second emphasis in original).  However, the Court is skeptical of TDC's claim for a money judgment for defense costs.  After initially issuing a complete denial of coverage, [R. 8-4], TDC later offered to defend Masonic Homes in the state court action under a reservation of rights. [R. 8-5]  However, Masonic Homes explicitly rejected TDC's offer to provide a defense in the underlying tort action. *See* [R. 11-2 pp. 4, 7 (rejecting TDC's tender of a defense)].  Masonic Homes' rejection of TDC's offer to defend appears to eliminate the possibility that TDC will incur defense costs that Masonic Homes might be required to reimburse.  Since TDC apparently "has not paid a penny in the state court action" [R. 11 p. 2], it is unclear to the Court how TDC's separate "claim for coercive relief" [R. 10 p. 12] holds water.

Furthermore, TDC does not cite a single case in which the "coercive" claim is merely one for a money judgment for defense costs.[3]  Accordingly, the Court will analyze this declaratory

---

[2] *See, e.g.*, *Principal Life Ins. Co. v. Doctors Vision Center I, PLLC*, No. 5:12-CV-125-JHM-LLK, 2013 WL 1625132, at *3 (W.D. Ky. Apr. 15, 2013) (noting that the Sixth Circuit has "never spoken directly on the issue" and that the Circuits take different approaches); *Harding v. Apartment Inv. and Mgmt. Co.*, No. 3:10-CV-439-H, 2011 WL 211528, at *3 (W.D. Ky. Jan. 20, 2011) (discussing disagreement among the circuit courts and the absence of a direct Sixth Circuit ruling on the issue).

[3] *See Adrian*, 481 F.3d at 415 (Plaintiff sought declaratory and injunctive relief); *Harding*, 2011 WL 211528, at *1 (Plaintiff sought "a declaration of rights, repayment of loaned funds, compensatory damages, punitive damages, and attorneys' fees for claims of unjust enrichment, equitable estoppel, fraud in the inducement, fraud with respect to additional payments, and breach of fiduciary duties arising out of multiple business relationships"); *VonRosenberg v. Lawrence*, 781 F.3d 731, 733 (4th Cir. 2015) (Plaintiff sought declaratory and injunctive relief for violations of

judgment action under the familiar *Grand Trunk* factors, which on balance weigh against the Court's exercise of its jurisdiction.

B.  ***Grand Trunk* Factors**

The Declaratory Judgment Act provides that "[i]n a case of actual controversy within its jurisdiction, . . . any court of the United States, upon the filing of an appropriate pleading, *may* declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201(a) (emphasis added).  The Act thus "confer[s] on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995).  Generally, courts should only exercise this discretionary jurisdiction when doing so would advance the interests of justice or preserve resources of the parties. *Grange Mut. Cas. Co. v. Safeco Ins. Co. of Am.*, 565 F. Supp. 2d 779, 785 (E.D. Ky. 2008) (citing *Panhandle E. Pipe Line Co. v. Mich. Consol. Gas Co.*, 177 F.2d 942, 944 (6th Cir. 1949)) (other citations omitted).

The Sixth Circuit's *Grand Trunk* factors guide district courts when deciding whether to exercise jurisdiction under Section 2201.  These factors are:

1. Whether the declaratory action would settle the controversy;

2. Whether the declaratory action would serve a useful purpose in clarifying the legal relations in issue;

---

the Lanham Act); *Kanciper v. Suffolk Cty. Soc. for the Prevention of Cruelty to Animals, Inc.*, 722 F.3d 88, 89 (2d Cir. 2013) (Plaintiff sought damages under 42 U.S.C. § 1983 and a declaration that a New York law was unconstitutional); *Southwind Aviation, Inc. v. Bergen Aviation, Inc.*, 23 F.3d 948, 950 (5th Cir. 1994) (per curiam) (Plaintiff sued to collect on a contract, to impose a temporary injunction, to seek a declaration of rights, and to collect attorney's fees); *Sinclair Oil Corp. v. Amoco Prod. Co.*, 982 F.2d 437, 438–39 (10th Cir. 1992) (merely noting the distinction between coercive and declaratory actions where Plaintiff filed a declaratory judgment action based on a contract dispute); *R.R. Street & Co. Inc. v. Transport Ins. Co.*, 656 F.3d 966 (9th Cir. 2011) (Plaintiff filed an action for damages and defense costs, asserting claims for breach of contract, subrogation, equitable contribution, and unjust enrichment—later, a separate declaratory action was filed); *Principal Life*, 2013 WL 1625132, at *2 (Plaintiff sought "rescission of the policy and/or a judicial declaration that the policy is void *ab initio*").

    3.       Whether the declaratory remedy is being used merely for the purpose of procedural fencing or to provide an arena for a race for res judicata;

    4.       Whether the use of a declaratory action would increase friction between our federal and state courts and improperly encroach on state jurisdiction; and

    5.       Whether there is an alternative remedy which is better or more effective.

*Grand Trunk W. R.R. Co. v. Consol. Rail Corp.*, 746 F.2d 323, 326 (6th Cir. 1984). The Sixth Circuit has noted that these factors are not given any particular weight and are meant to focus the district court on three things: efficiency, fairness, and federalism. *Western World Ins. Co. v. Hoey*, 773 F.3d 755, 759 (6th Cir. 2014) (internal citations omitted). Therefore, "the essential question is always whether a district court has taken a good look at the issue and engaged in a reasonable analysis of whether issuing a declaration would be useful and fair." *Id*.

    **A.**       **Factors One and Two: Will the Action Settle the Controversy and Clarify the Legal Relations?**

The first two factors are closely related and therefore often considered together. *Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 557 (6th Cir. 2008). The Sixth Circuit has developed split lines of precedent concerning these two factors, each discussed in turn below. The Sixth Circuit explained that the incongruence between each line of cases results from the "different factual scenarios" presented. *Id.* at 555.

The first factor is whether the district court's judgment would settle the controversy. *Grand Trunk*, 746 F.2d at 326. One line of cases has held that this factor is met if the declaratory action can settle the insurance coverage controversy presented, even though it will not resolve the underlying state court action. *Northland Ins. Co. v. Stewart Title Guar. Co.*, 327 F.3d 448, 454 (6th Cir. 2003) ("[W]hile the declaratory judgment would not end the dispute . . . it would settle the controversy regarding the scope of insurance coverage issued by Northland to Cailu, and whether Northland had a duty to defend . . . ."). The reasoning is often that "a declaratory

judgment is proper if it will only have to decide purely legal questions or engage in fact-finding that does not affect the parties in the underlying action." *United Specialty Ins. Co. v. Cole's Place, Inc.*, No. 3:17-CV-326-TBR, 2018 WL 1914731, at *4 (W.D. Ky. Apr. 23, 2018) (citation omitted), *aff'd* 936 F.3d 386 (6th Cir. 2019).

A second line of cases has held that although such declaratory actions might clarify the legal relationship between the parties, they ultimately fail factor one analysis by failing to settle the ultimate controversy between the parties which is ongoing in state court. *Travelers Indem. Co. v. Bowling Green Prof'l Assoc., PLC*, 495 F.3d 266, 272 (6th Cir. 2007) ("Granting the declaratory relief sought by Evanston and Travelers settles the scope of insurance coverage under the respective policies and clarifies their obligation to defend Bowling Green in the state court action, but it does nothing to . . . 'clarify the legal relationship' between the other parties."); *see also State Farm Fire & Cas. Co. v. Odom*, 799 F.2d 247, 251 (6th Cir. 1986) (Merritt, J., dissenting) ("[D]eclaratory judgment actions seeking an advance opinion on indemnity issues are rarely helpful when there is an ongoing action in another court . . . Such actions seldom resolve the entire dispute among the parties, and they create confusion among courts as to schedules, orderly resolution of factual disputes, and *res judicata*."). These cases often involve factual disputes that are also at issue in the state court, or instances where the state court plaintiff has not been joined. *Cole's Place*, 2018 WL 1914731, at *4; *Encompass Indem. Co. v. Gray*, No. 3:17-CV-713-RGJ, 2020 WL 353236, at *4–*5 (W.D. Ky. Jan. 21, 2020).

The Sixth Circuit has provided similarly conflicting guidance on factor two, "whether the district court's decision must only clarify the legal relations presented in the declaratory judgment action or whether it must also clarify the legal relations in the underlying state action." *Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 557 (6th Cir. 2008) (internal citations omitted). In

*Flowers*, the Sixth Circuit held that for a declaratory judgment to satisfy factor two, it must simply provide a final resolution of the discrete dispute presented and need not settle all the relations in state court. *Id.* On the other hand, the *Travelers* Court held that the second factor was not met when the judgment would not clarify the legal relations between the other parties to the state court action who may have been potentially affected by the judgment. *Travelers*, 495 F.3d at 272; *Bituminous Cas. Corp. v. J & L Lumber Co.,* 373 F.3d 807, 814 (6th Cir. 2004) ("[A]lthough a declaratory judgment would clarify the legal relationship between Bituminous and J & L pursuant to the insurance contracts, the judgment would not clarify the legal relationship between Shields and J & L in the underlying state action.").

In this case, overlapping factual and legal issues presented in this matter and the state court litigation counsel against jurisdiction when analyzing the first two factors. The state court litigation originally focused only on the alleged negligence of Masonic Homes in caring for Ms. Deneen while she was a resident at Defendant's facility. [R. 8-2 pp. 6–13] Until Masonic Homes initiated its third-party complaint against TDC in state court, the insurance coverage dispute between the parties was not at issue in the state court lawsuit. However, the successful filing of Masonic Homes' third-party complaint against TDC squarely introduced the coverage issue to the state court litigation by alleging breach of contract and unfair claims settlement practices.[4] [R. 8-6 p. 5] To determine whether a breach of contract occurred, there must first be an enforceable contract. *See EQT Prod. Co. v. Big Sandy Co., L.P.*, 590 S.W.3d 275, 293 (Ky. Ct. App. 2019) (citing *Barnett v. Mercy Health Partners-Lourdes, Inc.*, 233 S.W.3d 723, 727 (Ky.

---

[4] In its Response, TDC wholly failed to address the impact of Masonic Homes' third-party complaint on the *Grand Trunk* analysis. "The Sixth Circuit has [] held that when a party fails to respond to a motion or argument therein, the lack of response is grounds for the district court to assume opposition to the motion is waived, and grant the motion." *Hill v. Jones*, No. 5:18-CV-511-JMH, 2019 WL 4455982, at *3 (E.D. Ky. Sept. 17, 2019) (collecting cases).

Ct. App. 2007)) (noting that the elements for breach of contract are the existence of an enforceable contract, a breach of that contract, and that the breach caused damages). If the policy bars coverage under one of its exclusions, Masonic Homes cannot recover for any breach of contract. Thus, the state court will have to consider the baseline question of coverage before it can determine whether a breach of contract occurred. With the coverage issue now squarely before both courts, any ruling by this Court would duplicate (and possibly contradict) the state court. *Compare Auto-Owners Ins. Co. v. Egnew*, 152 F. Supp. 3d 868, 877 (E.D. Ky. 2016) (noting that there was "little or no risk that a ruling on this precise issue would be duplicated or contradicted by the state court").

Furthermore, a decision in this action would only clarify one legal relationship among the parties—whether the TDC policy provides coverage to Masonic Homes for the underlying tort action.[5] Declaratory relief would thus not resolve the ultimate controversy or all issues among the parties, as they will still need to litigate the underlying factual issues implicated by Masonic Homes' state court claims at the risk of conflicting findings. While this Court might be able to provide a resolution to the discrete issue of coverage, its efforts would be duplicative of the contract issues now before the state court—and at a risk of conflicting outcomes. For these reasons, the Court finds that the first and second factors weigh against exercising jurisdiction.

**B.     Factor Three: Is this a Race for Res Judicata?**

The third factor is whether the declaratory remedy is being used for the purposes of "procedural fencing" or "to provide an arena for a race for res judicata." *Grand Trunk*, 746 F.2d

---

[5] Masonic Homes points out that OneBeacon (a different insurer to which Masonic Homes has submitted a claim) and the state court plaintiff (the Deneen Estate) have not been joined to this action. To the extent this is a separate argument that those parties must be joined to this declaratory judgment action, it is without merit. The relief being requested—a determination of coverage between Masonic Homes and TDC—can be decided without joining Masonic Homes' other insurer or the tort victim's estate, neither of whom is a party to the disputed insurance contract. *See Daily Underwriters of Am., Inc. v. Caudill*, No. 7:18-CV-034, 2018 WL 6594542, at *2 (E.D. Ky. Dec. 14, 2018); *see also* Fed. R. Civ. P. 19(a)(1).

at 326 (internal citations omitted). "The question is . . . whether the declaratory plaintiff has filed in an attempt to get [its] choice of forum by filing first." *AmSouth Bank v. Dale*, 386 F.3d 763, 789 (6th Cir. 2004). The Sixth Circuit has advised that courts should be "reluctant to impute an improper motive to a [declaratory judgment] plaintiff where there is no evidence of such in the record;" however this factor can "preclude jurisdiction for declaratory plaintiffs who file their suits mere days or weeks before the coercive suits filed by a 'natural plaintiff' and who seem to have done so for the purpose of acquiring a favorable forum." *Flowers*, 513 F.3d at 558 (internal citations and quotation marks omitted). Relatedly, the Sixth Circuit has given a declaratory judgment plaintiff the benefit of the doubt that no improper motive fueled the filing of its action where it was filed *after* the state court litigation has begun. *Bituminous,* 373 F.3d at 814.

Here, the state court action was filed on November 7, 2017 [R. 1 p. 4] and the declaratory judgment action was filed on August 29, 2019. [R. 1] Thus, the Court gives TDC the benefit of the doubt that no improper motive fueled the filing of its action. *Bituminous*, 373 F.3d at 814. Furthermore, there is no evidence in the record that the insurer had any improper motive or engaged in any unfair tactics. *See Flowers*, 513 F.3d at 558. Accordingly, this factor is neutral.

  **C.  Factor Four: Will this Action Increase Friction Between State and Federal Courts?**

The fourth factor assesses the degree to which the declaratory judgment would increase friction between the federal and state courts. *Grand Trunk*, 746 F.2d at 326. The Supreme Court has admonished that a "district court might be indulging in '[g]ratuitous interference' if it permit[s] the federal declaratory action to proceed" simultaneously with a state court action involving the same parties and state law issues. *Wilton v. Seven Falls Co.,* 515 U.S. 277, 283

(1995) (quoting *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 495 (1942)). The Sixth Circuit has identified three additional sub-factors to consider for factor four:

    1.    Whether the underlying factual issues are important to an informed resolution of the case;

    2.    Whether the state trial court is in a better position to evaluate those factual issues than is the federal court;

    3.    Whether there is a close nexus between the underlying factual and legal issues and state law and/or public policy, or whether federal common or statutory law dictates a resolution of the declaratory action.

*Flowers,* 513 F.3d at 560.

    **1.    Sub-Factor One: Are the Underlying Factual Issues Important to an Informed Resolution of the Case?**

Sub-factor one "focuses on whether the state court's resolution of the factual issues in the case is necessary for the district court's resolution of the declaratory judgment action." *Flowers*, 513 F.3d at 560. District courts have declined to exercise jurisdiction when the state and federal cases involved the same factual issues. *Encompass Indem. Co. v. Gray*, No. 3:17-CV-713-RGJ, 2020 WL 353236, at *7 (W.D. Ky. Jan. 21, 2020); *Am. Nat'l Prop. & Cas. Co. v. Wilson*, No. 18-116-DLB-CJS, 2019 WL 1876797, at *7 (E.D. Ky. Apr. 26, 2019). As discussed above, determination of the coverage issues in this case exposes the Court to a possibility of conflicting factual and legal findings with the Kentucky trial court, and therefore weighs against exercising jurisdiction. *See Mass. Bay Ins. Co. v. Christian Funeral Dirs., Inc.*, 759 F. App'x 431, 440 (6th Cir. 2018) (citation omitted) ("Thus, it appears that this case is dependent on factual findings by the state court, which weighs against exercising jurisdiction."). This subfactor counsels against exercising jurisdiction. *Id.*

### 2. Sub-Factor Two: Is the State Court in a Better Position to Evaluate Those Factual Issues?

The second sub-factor examines "which court, federal or state, is in a better position to resolve the issues in the declaratory action." *Flowers*, 513 F.3d at 560. Generally, "Kentucky courts are in the better position to apply and interpret its law on these issues." *Travelers Indem. Co. v. Bowling Green Prof'l Assocs., PLC*, 495 F.3d 266, 272 (6th Cir. 2007). Courts may also consider whether state court decisions have addressed the issue in question. *Scottsdale Ins. Co. v. Roumph*, 211 F.3d 964, 968–69 (6th Cir. 2000). Such an inquiry is appropriate because ruling on an unresolved question of state law may "increase the friction between our federal and state courts." *Id.* at 968. That said, "when an insurance company is not a party to the state action, and neither the scope of insurance coverage nor the obligation to defend is before the state court, a decision by the district court on these issues would not offend principles of comity." *Flowers*, 513 F.3d at 560 (quoting *Northland Ins. Co. v. Stewart Title Guar. Co.*, 327 F.3d 448, 454 (6th Cir. 2003)) (internal quotations and alterations omitted). Furthermore, this sub-factor can be satisfied if the court is presented with a pure question of law that does not require any factual determinations. *United Specialty Ins. Co. v. Cole's Place, Inc.*, No. 3:17-CV-326-TBR, 2018 WL 1914731, at *4 (W.D. Ky. Apr. 23, 2018) (citation omitted).

As a general matter, Sixth Circuit precedent is clear that Kentucky courts are better situated than this Court to adjudicate matters that revolve around state regulated insurance contracts. *See Travelers*, 495 F.3d at 272; *Bituminous*, 373 F.3d at 815–16. This action involves an interpretation of a Kentucky insurance contract, an area of law largely reserved to state courts for resolution and one which implicates important state policies. *Cole's Place*, 2018 WL 1914731, at *8; *Gray*, 2020 WL 353236, at *8. Although the mere existence of a state court proceeding is not determinative, it heavily influences the analysis. *Wilson*, 2019 WL 1876797, at

*6. But more specifically here, although the issues presented are not novel, TDC is now a party to the state court action and the coverage issue here is already being considered by the state court. This Court finds that the state court would be in a better position to answer the question of coverage. *United Specialty Ins. Co. v. Cole's Place, Inc.*, 936 F.3d 386, 401 (6th Cir. 2019) (noting that, unlike this case, "no unresolved factual issues relevant to the coverage question [were] pending in the state-court action"). Given the questions of state law presented, and since TDC is now a party to the state action, the Court believes that a Kentucky state court is better situated to resolve those issues. This sub-factor thus counsels against exercising jurisdiction.

### 3. Sub-Factor Three: Is There a Close Nexus Between the Underlying Factual and Legal Issues and State Law/Policies?

The third sub-factor focuses on whether the factual and legal issues implicate important state policies. *Flowers,* 513 F.3d at 560. The Sixth Circuit has recognized in several cases that states are in a better position to resolve insurance disputes because they are more familiar with state law, they regulate insurance companies for the benefit of their citizens, and they are best situated to identify and enforce the policies underlying those regulations. *Id.* at 561 (citing *Bituminous*, 373 F.3d at 815); *see also Travelers*, 495 F.3d at 273. The Court agrees that the development of case law concerning insurance disputes in Kentucky is better left to its state courts. The claim presented here is entirely one of state law. Accordingly, this sub-factor counsels against exercising jurisdiction.

The Court finds that the fourth factor, after considering each of the sub-factors, weighs against the exercise of jurisdiction.

### D.     Factor Five: Is There an Available Alternative Remedy?

The final factor is whether a better or more effective remedy is available to the declaratory action plaintiff. *Grand Trunk*, 746 F.2d at 326.  "[I]f an alternative remedy is better or more effective," this Court should decline to exercise jurisdiction. *Id.*

Courts often analyze the alternative remedies of filing a declaratory action pursuant to Ky. Rev. Stat. § 418.040 or an indemnity action in the Kentucky state court.  Although these alternative remedies exist, "it is not clear whether such alternative remedies are *better or more effective* than a federal declaratory action." *Flowers*, 513 F.3d at 562.  The Sixth Circuit has held that "our inquiry on this factor must be fact specific, involving consideration of the whole package of options available to the federal declaratory plaintiff." *Id.*  *See generally Flowers*, 513 F.3d at 562 (noting that, "in many ways," the alternative of filing a declaratory judgment action in Kentucky courts "would have been better," but that the option of filing an indemnity action "would not have been a superior alternative").

Regardless, in this case, Masonic Homes filed a third-party complaint against TDC in the state court action, which places the coverage issue before the state court.  TDC now has the alternative (and superior) remedy of making its arguments against coverage in the state court action—much like it would do had it filed a declaratory judgment action in state court, rather than this court. *Flowers*, 513 F.3d at 562 (noting favorably where "Kentucky courts [are] able to combine the two actions so that all issues could be resolved by the same judge").  For these reasons, this Court finds that the fifth *Grand Trunk* factor, on balance, weighs against exercising jurisdiction.

### E. Balancing the *Grand Trunk* Factors

Although the Sixth Circuit has not yet indicated the particular manner in which district courts should evaluate the *Grand Trunk* factors, *Flowers*, 513 F.3d at 563, the Court is satisfied that, on balance, it is proper for the Court to decline its jurisdiction over TDC's declaratory judgment action. All but the third *Grand Trunk* factor counsel against exercising jurisdiction, and the third factor is merely neutral. Keeping jurisdiction in this case would do nothing more than cause the parties to engage in litigation on two fronts, which would "neither further[] the interests of justice nor preserv[e] [the] parties' resources." *Grange Mut. Cas. Co. v. Safeco Ins. Co. of Am.*, 565 F. Supp. 2d 779, 785 (E.D. Ky. 2008). Therefore, keeping in mind the "underlying considerations of efficiency, fairness, and federalism," *Western World Ins. Co. v. Hoey*, 773 F.3d 755, 759 (6th Cir. 2014), the Court declines to exercise jurisdiction in this matter.

### III. Conclusion

Accordingly, and the Court being otherwise sufficiently advised,

**IT IS HEREBY ORDERED** as follows:

1. Defendant Masonic Homes' Motion to Dismiss [**R. 8**] is **GRANTED**.

This the 3rd day of August, 2020.

*[signature: Claria Horn Boom]*

CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY